UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ECUADOR KAKAO PROCESSING PROECUAKAO S.A.,<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>NUTRIART S.E.C.,<br><br>　　　　Respondent. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 25-cv-9931<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF ERIC BÉDARD IN SUPPORT OF PETITION TO COMPEL ARBITRATION AND MOTION FOR ANTI-SUIT INJUNCTION**

I, Eric Bédard, hereby declare as follows:

1. I am an attorney licensed in Quebec, Canada.

2. I am a partner in the firm of Woods LLP, based in Montreal, Canada.

3. I represent Petitioner Ecuador Kakao Processing Proecuakao S.A. ("Ecuakao") in *Nutriart S.E.C. v. Ecuador Kako Processing Proecuakao S.A.*, a case filed by Respondent Nutriart S.E.C. ("Nutriart") in the Superior Court of Quebec ("Quebec court"), file No. 200-17-037981-255.

4. On September 10, 2025, Nutriart filed a case initiating document known as a *Demande introductive d'instance en dommages* ("Demande") against Ecuakao in the Quebec court. A copy of the Demande and a certified English translation is attached as Exhibit 1.

5. The Demande alleged that Ecuakao delivered Nutriart cocoa liquor that contained peanut allergens and sought CAD 14,847,272.67 in damages. *Id*.

1

6. The Demande cited seven exhibits, including an exhibit referred to as Exhibit P-6, which Nutriart described as "certificates of analysis" that revealed that the "contamination originates from the cocoa liquor" supplied by Ecuakao. However, the exhibits were not appended to the Demande. *Id*.

7. On September 12, 2025, Nutriart applied, *ex parte*, to the clerk of the Superior Court of Quebec to authorize email service on Ecuakao. A copy of the decision recorded and signed by a clerk of the court on Nutriart's application and a certified English translation thereof is attached as Exhibit 2.

8. Nutriart stated in its application that Ecuakao "conducts its business activities in Ecuador," which makes the personal service of legal proceedings "particularly costly and complex, particularly due to translation costs and international transmission delays." *Id*.

9. The application for email service misnamed Ecuakao as "ECUADOR *KAKO* PROCESSING PROECUAKAO S.A." (emphasis added). *Id*.

10. On September 26, 2025, a clerk of the Quebec court authorized service by email. *Id*.

11. On September 29, 2025, a Quebec bailiff purported to serve Ecuakao by email.

12. On November 10, 2025, Ecuakao moved to quash the decision of the clerk of the Quebec court that had authorized service by email and for a declaration that Ecuakao had not been validly served. Ecuakao noted that Nutriart had not attempted to serve Ecuakao using ordinary modes of service under Ecuadorian law, misnamed Ecuakao, and failed to translate documents into Spanish. Ecuakao also noted that it had been unable to access the documents purportedly served by email. A copy of Ecuakao's motion to quash and exhibits thereto are attached as Exhibit 3.

The decision of the Quebec Superior Court in *Droit de la famille*–182456, 2018 QCCS 5067, a decision relevant to Ecuakao's service challenge, is attached as Exhibit 4.

13.     As Ecuakao had not received the Demande's exhibits, I requested, on October 29, 2025, that counsel for Nutriart provide them. A copy of my correspondence with Nutriart's counsel and a certified English translation thereof is attached as Exhibit 5.

14.     Counsel for Nutriart did not respond to the request. *Id*.

15.     On November 5, 2025, I again contacted counsel for Nutriart about the missing exhibits. *Id*.

16.     In response, counsel for Nutriart stated that she could provide some of the exhibits; however, she was unable to provide Exhibit P-6. *Id*.

17.     Counsel for Nutriart stated that this exhibit could not be supplied because Nutriart was still "waiting for the written reports by the laboratories that examined the samples." Nutriart's counsel further stated that the certificates of analysis "should not have [been listed] as Exhibit P-6," and that their inclusion was a "mistake." *Id*.

18.     On November 27, 2025, the Quebec court held a hearing on whether Ecuakao had been validly served and indicated its intention to rule on the matter by the winter holidays.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Montreal, Canada on November, 28 2025.

_____

Eric Bédard

3